**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 2:26-cr-00069-GSL-APR |
| vs. | ) |
| | ) |
| JAMES GERODEMOS, *et al.*, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ANDREW NGUYEN'S MOTION TO MODIFY**
**CONDITIONS OF PRETRIAL RELEASE**

Comes now the defendant, Andrew Nguyen, by and through his undersigned attorneys, and respectfully moves this Court to modify the conditions of his pretrial release condition imposed by Magistrate Judge Andrew P. Rodovich on May 15, 2026 (Dkt. 218), which prohibits him from engaging in any gambling activity, both legal or illegal, and from visiting any location offering gambling opportunities. Mr. Nguyen does not contest the prohibition on illegal gambling. He asks only that this Court permit him to continue practicing his lawful profession: he has earned his livelihood as a professional poker player for approximately fifteen years, and no condition of release less restrictive than a total ban can reasonably justify depriving him of it.

**Background**

The April 16, 2026 indictment charges Mr. Nguyen in Count One with participation in the alleged Gerodemos Gambling Organization's illegal sports-betting operation and in Count 21 with a single transmission of wagering

1

information—a text message sent on February 24, 2024 reading "Our number under 10k don't worry lol." He is charged as an agent, not an operator or bookmaker. He had no ownership interest, exercised no managerial authority, and ran no part of the alleged organization. He introduced individuals seeking to place bets. That is the entirety of his alleged involvement.

The indictment also identifies Mr. Nguyen as Victim 3 in Counts Ten and Eleven as one of the targets of extortion and collection of credit by extortionate means, spanning February through July 2024. Specifically, the indictment alleges that when Mr. Nguyen fell behind on his sports-betting debt, Gerodemos sent him threatening messages to collect others' debt. Mr. Nguyen was not a co-conspirator in those counts or any such conduct. He was its victim.

The charged conduct in the indictment involves placing illegal sports bets through offshore websites.  This bears no relationship whatsoever to professional poker. Poker at licensed casinos and card rooms is a lawful activity in jurisdictions throughout the country. The two activities are categorically distinct. One is a form of unregulated offshore bookmaking.  The other is a licensed, regulated game of skill played against other individuals. Mr. Nguyen has spent approximately fifteen years developing expertise in the latter. It is his profession and his primary source of income.

The grand jury returned the indictment on April 16, 2026. The text message attributed to Mr. Nguyen dates to February 24, 2024—more than two years before the indictment issued. What is more, that text message related to wages placed

2

several years prior to that. During the entirety of that intervening periods, Mr. Nguyen continued to play professional poker at licensed establishments without incident. He had ample opportunity to engage in any manner of misconduct related to gambling, legal or illegal. The record reflects none.

Mr. Nguyen was initially arrested on April 29, 2026. He was released on certain conditions of release, that did not include the condition at issue in this motion. On May 14, 2026, he traveled from California to appear in this Court on the required arraignment date, fully complying with every condition of his release. At that hearing, and entered into the record on May 15, 2026, Magistrate Judge Rodovich ordered, as a condition of release, that Mr. Nguyen "not engage in any legal or illegal gambling activity and refrain from visiting any location with gambling opportunities." Dkt. 218. Mr. Nguyen respectfully asks this Court to modify this condition of release to prohibit only illegal gambling.

Prior to filing this motion, counsel conferred with the government regarding the requested modification. The government objects to any change in the conditions of Mr. Nguyen's release. Pretrial Services defers to the Court. The matter is therefore submitted for the Court's resolution.

### Legal Framework

The Bail Reform Act of 1984 directs that when a person charged with a federal crime appears before the court, the judge or magistrate judge must "order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court … unless the judicial officer

determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added). The government bears the burden of proving that the defendant is a flight risk or poses a risk of harm such that release must be conditioned. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003).

Where additional conditions are warranted at all, the statute commands that the court "shall order the pretrial release of the person … subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c) (emphasis added).

These requirements carry constitutional force. "The protection against excessive bail has a direct nexus to the presumption of innocence … ." *Hunt v. Roth*, 648 F.2d 1148, 1156 (8th Cir. 1981), *vacated as moot sub nom. Murphy v. Hunt*, 455 U.S. 478 (1982). Although release conditions may serve a legitimate government purpose, those conditions "not be 'excessive' in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739, 754 (1987). "Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is 'excessive' under the Eighth Amendment." *Stack v. Boyle*, 342 U.S. 1, 5 (1951). Courts have "no discretion to refuse to reduce excessive bail … ." *Stack*, 342 U.S. at 6.

Congress further made clear its intent that defendants retain the presumption of innocence during the pretrial period, 18 U.S.C. § 3142(j), and that courts consider requiring defendants to remain gainfully employed. 18 U.S.C. § 3142(c)(1)(B)(ii).

4

Congress equally prohibited courts from "impos[ing] a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2). For that reason, courts have declined to impose conditions that "likely would result in the defendant's loss of his current employment." *See, e.g. United States v. Von Matthieu*, No. 4:08CR155DJS, 2008 WL 697402, at *2 (E.D. Mo. Mar. 13, 2008) (Nonce, M.J.).

### Argument

The blanket prohibition on legal gambling and visiting any location where gambling is permitted is not the least restrictive condition that will reasonably assure Mr. Nguyen's appearance and protect the public. It is, in fact, not relevant to any legitimate concern at all.

The government's interest in imposing release conditions on Mr. Nguyen presumably relates to the charged conduct: illegal sports betting through offshore websites. Professional poker at a licensed casino, or other reputable establishment, has no connection to that conduct. The charged offense did not occur in a casino. It did not involve poker. It did not involve any of the skills, relationships, or venues associated with Mr. Nguyen's professional career. The nexus between the prohibited activity and the alleged criminal conduct is simply nonexistent. A condition of release must be rationally connected to the danger or risk it purports to address. Forbidding Mr. Nguyen from entering a licensed card room is not rationally connected to preventing him from accessing illegal offshore sports-betting websites. It is an overreach.

5

The history of this case forecloses any suggestion that the condition is necessary. The conduct attributed to Mr. Nguyen dates primarily to 2024, and prior. The indictment was not returned until April 2026 — more than two years later. Critically, Mr. Nguyen was unaware of any investigation during that entire interval. He was not on notice. He was not on his best behavior for the benefit of law enforcement. He was simply living his life, playing professional poker at licensed venues as he has done for fifteen years. That uninhibited, unguarded conduct produced no evidence of illegal activity, no connection between his poker career and unlicensed wagering, and no misconduct of any kind. Conduct that occurs when an individual does not know they are being investigated is the most probative kind. It reflects genuine character, not performance. The government cannot point to a single occasion during that two-year window when Mr. Nguyen's poker playing facilitated or connected to anything charged in this indictment. To that end, they cannot point to a connection before that either.

The condition also fails the least-restrictive-means test as applied to Mr. Nguyen's circumstances. Less restrictive alternatives exist that would address whatever marginal concern the Court has in mind. The Court could restrict Mr. Nguyen to licensed, regulated poker venues only. The Court could prohibit any participation in sports betting, whether legal or illegal. The Court could require that he not access any offshore or unlicensed gambling platform. Any of these conditions directly targets the charged conduct while leaving Mr. Nguyen's lawful profession intact. "The proper exercise of judicial discretion is never arbitrary, fanciful, or

6

capricious; it is deliberate and governed by reason and the law applicable to the cases under consideration." *United States v. Motlow*, 10 F.2d 657, 662 (7th Cir. 1926) (Butler, J., riding circuit). There is no reasoned basis for restricting Mr. Nguyen's legal poker play when narrowly tailored alternatives are available.

The deprivation imposed is not minor. Professional poker is Mr. Nguyen's primary source of income. It has been for approximately fifteen years. Barring him from that profession pending trial—which may be months or years away—strips him of his livelihood without any adjudication of guilt. Congress has recognized that economic devastation of this kind is incompatible with the purposes of pretrial release. A defendant who can support himself and fund his defense is better positioned to comply with conditions, appear for court dates, and participate meaningfully in his own case than one who has been financially ruined. Indeed, the liberty guaranteed by the Fifth Amendment encompasses "the right of the individual to … engage in any of the common occupations of life." *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). Pretrial deprivation of that right, with no sound justification, is akin to the "prison context, where inmates surrender upon incarceration their rights to pursue a livelihood[.]" *McKune v. Lile*, 536 U.S. 24, 40 (2002). Mr. Nguyen has been convicted of nothing. The condition requiring Mr. Nguyen to give up his livelihood constitutes harsh punishment before any adjudication of guilt, and it is thus incompatible with the constitutional guarantee of due process. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Nor can it be overlooked that Mr. Nguyen is himself a victim in this case. The government alleges that Gerodemos threatened and extorted him by send degrading messages, threatened to "get it one way or another," and subjected him to a sustained campaign of intimidation. He is Victim 3 in Counts Ten and Eleven. The condition as written punishes the victim of the charged extortion by banning him from continuing his job that has nothing to do with the crimes with which he is charged. That asymmetry is difficult to justify.

Mr. Nguyen does not seek to play illegal poker. He does not seek access to offshore betting sites. He does not seek to participate in sports wagering of any kind. He agrees, without qualification, that his conditions of release should prohibit all illegal gambling, all participation in unlicensed wagering, and any engagement with the type of sports-betting conduct described in the indictment. What he asks is that the Court permit him to do the one thing he has done lawfully for approximately fifteen years: play poker at licensed, regulated casinos and card rooms. That is a less restrictive means that is consistent with the principles of pretrial release.

## Conclusion

The condition prohibiting Mr. Nguyen from engaging in legal gambling and from visiting locations where gambling is permitted is not the least restrictive means of reasonably assuring his appearance and the safety of the community. It bears no rational nexus to the charged conduct, is contradicted by Mr. Nguyen's pre-indictment history, deprives him of his primary livelihood, and ignores his status as

8

a victim of the very conduct under prosecution. Less restrictive alternatives are available and that is what is being requested.

Wherefore, Andrew Nguyen respectfully requests that this Honorable Court modify the conditions of his pretrial release to: (1) remove the prohibition on legal gambling activity; (2) remove the prohibition on visiting locations with gambling opportunities as it applies to licensed, regulated establishments; and (3) maintain the prohibition on illegal gambling, participation in unlicensed wagering, and any form of sports betting or access to offshore betting platforms.

Respectfully submitted,


s/ Vadim A. Glozman
*An Attorney for Andrew Nguyen*


Vadim A. Glozman
Joseph T. Strauss
GLOZMAN LAW
53 W. Jackson Blvd., Suite 1150
Chicago, Illinois 60604
(312) 726-9015
vg@glozmanlaw.com

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: all Attorneys of record.

 s/      Vadim A. Glozman